**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUBOS NAPRSTEK,<br><br>    Plaintiff,<br><br>v.<br><br>NEWREZ A/K/A SHELLPOINT MORTGAGE SERVICING,<br><br>    Defendant. | Civil Action No. 24-7832 (SDW) (CLW)<br><br>**WHEREAS OPINION**<br><br>February 13, 2025 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Newrez a/k/a Shellpoint Mortgage Servicing's ("Defendant") filing of a Motion to Dismiss (D.E. 2 ("Motion")) Plaintiff Lubos Naprstek's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12 (b)(6); and

**WHEREAS** Plaintiff filed the instant action against Defendant on April 29, 2024 in the Superior Court of New Jersey, Sussex County, Legal Division asserting claims for: civil tax fraud in violation of 26 U.S.C. § 7454 and 26 U.S.C. § 6663 (Count One); violations of the False Claims Act ("FCA"), 31 U.S.C. § 3279, and the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.* (Count Two); violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Count Three); and negligence causing loss of business (Count Four). (*See generally* D.E. 1, Ex. A.); and

**WHEREAS** on July 17, 2024, Defendant removed the instant matter before this Court pursuant to 28 U.S.C. § 1441(a). (D.E. 1 at 2.) This Court has jurisdiction pursuant to 28 U.S.C.

1

§ 1331 and § 1367.  Defendant then moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief could be granted.  (D.E. 2.)  Plaintiff has not opposed the instant Motion; and

  **WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Factual allegations in a complaint are generally accepted as true, but legal conclusions are not.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

  **WHEREAS** although federal courts liberally construe *pro se* complaints and hold them "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the complaint must still state a plausible claim for relief, *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014).  *Pro se* litigants "must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), and those factual allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); and

  **WHEREAS** Plaintiff's Complaint cites 26 U.S.C. § 7454 and § 6663 in support of his civil tax fraud claim.  (D.E. 1 at 8.)  However, both statutes govern actions between the Commissioner of Internal Revenue and a taxpayer.  *See, e.g.*, 26 U.S.C. § 7454(a) (stating the government bears the burden of proof in "any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax"); *United States v. Rubenstein*, No. 07-2062, 2008 WL 11383982,

2

at *2 (D.N.J. Aug. 19, 2008) (describing how the Internal Revenue Service ("IRS") assesses fraud penalties against a taxpayer pursuant to 26 U.S.C. § 6663).  Further, 26 U.S.C. § 7401 bars Plaintiff's claim for civil tax fraud.[1]  Because Plaintiff's civil tax fraud claim is not cognizable, it is dismissed; and

  **WHEREAS** in Count Two, Plaintiff purports to assert claims under the NJCFA and the FCA, yet these claims fail to apprise Defendant with fair notice of what the claims are.  *See Twombly*, 550 U.S. at 555.  To state a claim under the NJCFA, a plaintiff must assert three elements:  (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the defendant's unlawful conduct and the plaintiff's ascertainable loss.  *Int'l Union of Operating Eng'rs Loc. No. 68 Welfare Fund v. Merck & Co.*, 929 A.2d 1076, 1086 (N.J. 2007).  Plaintiff maintains Defendant engaged "in deceptive and fraudulent practices," but fails to identify what these practices were and how they were unlawful, let alone how they caused "severe damage" to him.  (D.E. 1 at 9); *see Frederico v. Home Depot*, 507 F.3d 188, 202–03 (3d Cir. 2007) (finding District Court's dismissal of NJCFA claim was proper where the plaintiff failed to sufficiently allege an unlawful practice or how it caused her loss with requisite specificity).  The same goes for Plaintiff's FCA claim, as Plaintiff merely cites statutory provisions and fails to comply with Rules 8 and 9(b).  *See U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 306–07 (3d Cir. 2016) ("Under Rule 9(b), which applies to FCA actions, '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'") (alteration in original) (quoting *Foglia v. Renal Ventures Mgmt.*, 754 F.3d 153, 155 (3d Cir. 2014)).  Accordingly, Count II is dismissed without prejudice; and

---

[1] 26 U.S.C. § 7401 states:  "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

3

**WHEREAS** as to the FCRA, Plaintiff maintains Defendant violated Sections 1681n and 1681o of the FCRA by reporting "false and derogatory information to a number of credit reporting agencies regarding Plaintiff'[s] account." (D.E. 1 at 10.) Under Section 1681s-2(a) of the FCRA, furnishers of information must provide accurate information to credit reporting agencies. Although the FCRA imposes such a duty, Sections 1681n and 1681o "cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are available only to the Government." *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). Because Plaintiff's claim is barred as a matter of law, Count III is dismissed; and

**WHEREAS** Count IV, which asserts Defendant's failure to report accurate information amounts to negligence causing loss of business, is pre-empted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."); *Bertollini v. Harrison*, No. 18-15355, 2019 WL 2296150, at *2, 4 (D.N.J. May 30, 2019) (dismissing defamation, common law fraud, and negligent misrepresentation claims with prejudice after finding Section 1681t(b)(1)(F) expressly preempted the plaintiff's common law claims); therefore

Defendant's Motion is **GRANTED**. Counts I, II, and III of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6). *See Fleming v. Cape May Cnty.*, 475 F. App'x 811, 812 (3d Cir. Apr. 5, 2012) ("Ordinarily, a District Court should not dismiss a *pro se* complaint without granting leave to amend."). Count IV is **DISMISSED WITH PREJUDICE**. Plaintiff will be given thirty days to amend his Complaint. An appropriate order follows.

/s/ Susan D. Wigenton<br>**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Cathy L. Waldor, U.S.M.J.