<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUBOS NAPRSTEK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NEWREZ A/K/A SHELLPOINT MORTGAGE SERVICING, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 24-7832 (SDW) (CF)<br><br>**AMENDED OPINION**<br><br>October 21, 2025 |

**WIGENTON**, District Judge.

Before this Court are Defendants Newrez a/k/a Shellpoint Mortgage Servicing ("Shellpoint") and Toll Brothers Mortgage Company's ("TBMC") Motions to Dismiss (D.E. 8 & 23) Plaintiff Lubos Naprstek's Amended Complaint (D.E. 5) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) and § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated herein, the Motions are **GRANTED.**

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

1

The facts underlying this case far predate the instant litigation.[1]  On December 21, 2006, Plaintiff obtained a $366,510 loan from TBI Mortgage Company to purchase a home in Hamburg, New Jersey.  (D.E. 5 at 12 ¶ 23; D.E. 5, Ex. A at 24–25; D.E. 23-2 at 6.)  According to Plaintiff, TBMC's predecessor, TBI, told Plaintiff if he did not finance the loan with them that the purchase price would increase by $30,000.  (D.E. 5 at 12 ¶ 24.)

In January 2007, non-party Countrywide Home Loans ("Countrywide") notified Plaintiff that it had acquired his loan from TBMC.  (D.E. 23-2 at 9; *Naprstek v. Ditech Fin. LLC*, No. 18-11442, D.E. 109 at 6 ¶ 39.)  In 2009, Countrywide brought a foreclosure action against Plaintiff, but the case was dismissed without prejudice in 2013 for lack of prosecution.  (D.E. 23-2 at 9.)

In 2016, non-party Ditech Financial LLC ("Ditech"), became the assignee on Plaintiff's mortgage.  (*Id.*)  Ditech obtained a default judgment against Plaintiff in the foreclosure action it brought against him.  (*Id.*)  On October 17, 2017, the Superior Court of New Jersey entered an order issuing a foreclosure judgment in favor of Ditech for $640,486.23 ("the Final Judgment").  (*Ditech Fin.*, No. 18-11442, D.E. 20-5.)

In 2018, Plaintiff attempted to challenge the foreclosure in federal court, suing Ditech, TBMC, and Shellpoint, among other defendants, in the District of New Jersey.  In September 2019, however, Ditech and Plaintiff entered into a Modification Agreement, refinancing the loan such that the new unpaid balance was $660,022.72.  (D.E. 5 at 6, 50.)  Given the refinancing of

---

[1] Plaintiff's Amended Complaint scantly sets forth facts.  This Court draws the factual background from Defendants' briefs.  Additionally, this Court takes judicial notice of an opinion addressing TBMC's motion to dismiss Plaintiff's complaint alleging similar claims in a case before The Honorable Claire C. Cecchi, U.S.D.J.  *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (stating that courts "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

Plaintiff's debt, the Superior Court of New Jersey vacated the foreclosure judgment in May 2020. (*Ditech Fin.*, No. 18-11442, D.E. 125-14 & 125-15.)

In July 2022, Judge Cecchi granted the defendants' motions to dismiss Plaintiff's second amended complaint after finding Plaintiff's claims were "either time-barred, non-cognizable, and/or contain[ed] insufficient allegations to support a viable claim." *Naprstek v. Ditech Fin. LLC*, No. 18-11442, 2022 WL 2816898, at *2 (D.N.J. July 19, 2022). Following that dismissal Plaintiff instituted yet another matter against the same defendants in the District of New Jersey case, but in New Jersey Superior Court, Sussex County. (D.E. 23-2 at 16.) That matter was dismissed for lack of prosecution on April 1, 2023, which leads us to the instant litigation. (*Id.*)

In April 2024, Plaintiff filed this suit in New Jersey Superior Court, Sussex County. (D.E. 1 at 1, 6.) Defendants removed the matter to this Court on July 17, 2024. (D.E. 1.) Defendant Shellpoint previously moved to dismiss Plaintiff's Complaint. (D.E. 2.) This Court granted Shellpoint's motion, dismissing Plaintiff's negligence causing loss of business claim with prejudice, but dismissing the remaining claims without prejudice. (D.E. 4.) Plaintiff was given thirty days to amend his complaint. (*Id.*)

On February 26, 2025, Plaintiff filed an Amended Complaint. (D.E. 5.) Thereafter, Defendants moved to dismiss Plaintiff's Amended Complaint. The parties timely completed briefing; the Motions are ripe for adjudication.

II.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The pleading should "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Pro se*

3

complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). The analysis involves a two-step approach. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). First, the Court parses between the factual and legal elements of a claim, treating "all of the complaint's well-pleaded facts as true," but disregarding any legal conclusions. *Id.*; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

When a plaintiff pleads factual content that enables the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," a claim has facial plausibility. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the

4

pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* The Court considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Belichick*, 605 F.3d at 230 (citation omitted).

### III.  DISCUSSION

Plaintiff's Amended Complaint asserts the following claims:  fraud, solely against Shellpoint (Count I); malicious use of process/abuse of process (Count II); violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 *et seq.* and the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* (Counts III and IV, respectively); and negligence causing loss of business, solely against Shellpoint (Count V). In his Amended Complaint, Plaintiff maintains that despite his timely payments on the modified loan, he has been the victim of "substantial negative credit reporting" and has not received proper tax documents from Defendants, resulting in Plaintiff "overpaying taxes for years" and facing "negative exposure in his guitar business and his real estate investing." (D.E. 5 at 4–5.)

Defendants move to dismiss Plaintiff's Amended Complaint in its totality. This Court addresses each cause of action.

### A. Count I:  Fraud

Plaintiff grounds his fraud claim in Shellpoint's failure to furnish documents evincing proof of payment on the mortgage and to remit an insurance payment for water damage to which Plaintiff was entitled. (D.E. 5 at 6.) Shellpoint argues that Plaintiff's Amended Complaint does not plead fraud with the specificity required by Rule 9 or New Jersey law. (D.E. 8-1 at 11–12.) Additionally, Shellpoint contends that Plaintiff's fraud claim is barred by the economic loss doctrine. (*Id.* at 9–10.)

New Jersey common law requires a plaintiff to plead the following for fraud: "(1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367–68 (N.J. 1997)). Federal Rule of Civil Procedure 9(b) applies to fraud claims and requires that "the circumstance constituting fraud or mistake" be stated with particularity. *Id.* "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.* At a minimum, the pleadings should set forth "the 'who, what, when, where, and how' of the events at issue." *In re Suprema Specialties, Inc. v. Sec. Litig.*, 438 F.3d 256, 276 (3d Cir. 2006).

Plaintiff's fraud claim does not meet Rule 9's stringent pleading requirements. Plaintiff's Amended Complaint contains broad allegations of fraud, devoid of any "measure of substantiation." *See id.* Plaintiff's Amended Complaint does not set forth what material misrepresentation Shellpoint made, how it was made, let alone the remaining elements necessary for a common law fraud claim. Further, in his Opposition Brief, Plaintiff attempts to amend his pleadings to support his fraud claims by adding allegations concerning the validity of the Final Judgment, the difference in a stamp featured on copies of the mortgage note, and the allonge to the mortgage. This is impermissible and this Court declines to consider those facts in its analysis on the fraud claim. *See Miles v. Ansari*, No. 10-6179, 2011 WL 2974709, at *3 (D.N.J. July 21, 2011) ("Generally, briefs cannot serve to amend a complaint or introduce new pleadings.") (citing *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). As such, Plaintiff's fraud claim against Shellpoint is dismissed.

### B. Count II: Malicious Use of Process

Plaintiff's malicious use of process/abuse of process claims against both Shellpoint and TBMC center around the successful foreclosure action brought against him. Plaintiff claims fraudulent documents were used in those cases and that "the state court did nothing to remedy" the violations of Plaintiff's procedural and property rights, constituting a violation of 18 U.S.C. § 241, 42 U.S.C. §§ 1981, 1983, and 1985. (D.E. 5 at 11–14.) Both TBMC and Shellpoint argue Plaintiff's claims are time-barred by the statute of limitations, (D.E. 8-1 at 14–15; D.E. 23-2 at 19–21), and alternatively that Plaintiff's Amended Complaint does not adequately plead abuse of process or that either Defendant acted under color of law such that they could be held liable under the Fourteenth Amendment, (D.E. 8-1 at 15–16; D.E. 23-2 at 20 n.4, 23–24). In response, Plaintiff argues for the tolling of the statute of limitations. (D.E. 14 at 8.)

Section 1983 claims brought in New Jersey are subject to the state's two-year statute of limitations, but federal law determines when the particular claim brought under § 1983 accrues. *Evans v. City of Newark*, No. 14-120, 2016 WL 2742862, at *4 (D.N.J. May 10, 2016). Abuse of process claims are "subject to the usual rule that a claim accrues when the plaintiff is or should be aware of facts sufficient to establish the injury on which the action is based." *Id.* at *5 (citing *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998) and *Deary v. Three Un-Named Police Officers*, 746 F.2d 185, 193 (3d Cir. 1984)). Plaintiff's malicious use and/or abuse of process claim accrued before April 2022—two years prior to April 2024, which is when he filed the instant suit. The facts giving rise to any such action occurred in 2016 through 2017, such that Plaintiff had until 2019 (at the latest) to bring this claim.[2] Plaintiff fails to articulate a cogent reason as to why the statute of limitations should be tolled. Thus, Count II is dismissed.

---

[2] To the extent Plaintiff asserts a violation of due process claim under the Fourteenth Amendment, such a claim is similarly time-barred. Additionally, Plaintiff's Amended Complaint does not set forth how either

### C. Count III: NJCFA Violations

Defendants move to dismiss Plaintiff's NJCFA claim, arguing Plaintiff's Amended Complaint does not plead the elements with particularity as required by Rule 9(b). (D.E. 8-1 at 10–11; D.E. 23-2 at 25–26.) Rule 9(b) applies to NJCFA claims, requiring plaintiffs to plead such claims with particularity, given that they sound in fraud or misrepresentation. *Crozier v. Johnson & Johnson Consumer Cos.*, 901 F. Supp. 2d 494, 506 (D.N.J. 2012). For the reasons detailed *supra*, Plaintiff's NJCFA claim is dismissed.

### D. Count IV: FDCPA Violations

Plaintiff alleges that Defendants have violated the FDCPA by falsely claiming he is behind on his mortgage and failing to apply mortgage payments made even after Plaintiff entered into the modified loan agreement. (D.E. 5 at 18–19; D.E. 14 at 7; D.E. 27 at 4.) Plaintiff claims that because Defendants continue to mishandle his mortgage, the FDCPA claims also continue to accrue, such that he is entitled to treble and punitive damages. (*Id.* at 19.) Lastly, Plaintiff reiterates that the difference in a stamp featured on copies of the mortgage note amounts to fraud. (D.E. 5 at 17–18; D.E. 14 at 7.)

Shellpoint argues Plaintiff's FDCPA claim is time-barred, as the one-year statute of limitations to challenge the Final Judgment from 2017 has expired. (D.E. 8-1 at 16–17.) Shellpoint also contends that Plaintiff has not properly asserted a claim under 15 U.S.C. § 1692e because he did not allege the 2024 Letter or the loan history attached thereto contain any inaccuracies or misrepresentations. (D.E. 8-1 at 17–18). TBMC similarly argues Plaintiff's FDCPA claim is time-barred and notes it was not a party to the 2016 foreclosure action. (D.E. 23-2 at 19–21.)

---

TBMC or Shellpoint acted under color of state law. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638–39 (3d Cir. 1995) ("A private action is not converted into one under color of state law merely by some tenuous connection to the state action. The issue is not whether the state was involved in some way in the relevant events but whether the action taken can fairly be attributed to the state itself.").

A plaintiff asserting an FDCPA violation must prove that: "(1) [the plaintiff] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). An action for an FDCPA violation must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

To the extent Plaintiff relies on the alleged fraud concerning the difference in stamps, that is impermissible as that alleged violation occurred in 2017. *See* 15 U.S.C. § 1692k(d). Plaintiff's remaining arguments are unavailing. Plaintiff's Amended Complaint does not make out the elements necessary to properly state an FDCPA claim. Plaintiff's attempt to amend his pleadings through his brief to plead the elements of the FDCPA claim are improper. *See Miles*, 2011 WL 2974709, at *3. Count IV is dismissed.

### E. Count V: Negligence Causing Loss of Business

Count V of Plaintiff's Amended Complaint asserts negligence causing loss of business. This Court previously dismissed this cause of action with prejudice. (*See* D.E. 4.) Accordingly, Plaintiff's claim is barred and this Court declines to reconsider its prior adjudication. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232–33 (3d Cir. 2002) (discussing how the law of the case doctrine "limits relitigation of an issue once it has been decided" to promote finality and efficiency).

### IV. CONCLUSION

For the reasons stated above, Defendants' Motions are **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.[3] In light of the extensive history of litigation

---

[3] Plaintiff's Motion to Enforce a Loan Modification (D.E. 28) is rendered moot.

9

between these parties and the fact that the majority of Plaintiff's claims are time-barred, this Court deems it futile to permit Plaintiff to amend his complaint again. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Cari Fais, U.S.M.J.